PERDUE v. SAPP.

No. 35059. June 5, 1951.

Rehearing Denied July 17, 1951.

*233 P. 2d 973.*

Karl D. Cunningham, Kingfisher, and Frank Carter, of Otjen & Carter, Enid, for plaintiff in error.

Louis V. Woodruff, Kingfisher, for defendant in error.

LUTTRELL, V.C.J. This is an appeal by plaintiff in error, Francis H. Perdue, from a judgment of the district court of Kingfisher county, affirming a ruling of the Kingfisher county election board in an election contest over the office of county sheriff of said county.

It appears from the record that plaintiff in error and the defendant in error, Clyde Sapp, were the two contestants for said office in the 1950 General Election; that the county election board ruled that Sapp was duly elected, and that upon appeal from that ruling the judgment of the district court sustained the ruling.

Defendant in error, Sapp, has filed a motion to dismiss on the ground that under the statute the judgment of the district court in such case is final, and that an appeal from that judgment may not be taken to this court, and that therefore this court is without jurisdiction to pass upon the merits of the case on this appeal. The motion to dismiss must be sustained.

In 26 O.S. 1941 §392, it is provided that where a county office is involved, an appeal from the ruling of the county election board in a general election may be taken to the district court of the county "and shall be considered and determined by the district court upon the record so made, and its decision shall be final." This section was amended in 1944, Ex. Sess., p. 11, §1, 26 O.S. Supp. 1949 §392, and the same provision appears in the section as amended.

In Muskrat v. Curtis, 165 Okla. 66, 24 P. 2d 983, we passed upon the provision as contained in 26 O.S. 1941 §392, and held that under the plain language of the statute, no appeal to this court being provided, the decision of the district court was final, and that an appeal therefrom to this court would be dismissed. The law announced in that opinion is controlling in this case since the provision in the amending statute is identical with that in the original section.

Plaintiff in error suggests that the cause be consolidated with a quo warranto proceeding involving the election now pending in this court, but we are unable to see the propriety of such consolidation. Since the appeal to this court, under the plain provision of the statute, is a nullity, it may not be considered in passing upon the questions involved in another action.

Appeal dismissed.

ARNOLD, C.J., and CORN, GIBSON, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.